IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| SRT SOLUTIONS, LLC, | ) ) | CASE NO. 15-35572-H3-11 |
| Debtor | ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on "1100 Nasa Road, LP's Motion to Reject Unexpired Lease Between Debtor and 1100 Nasa Road, LP and Motion for Payment of Administrative Claim for Post-Petition Rent" (Docket No. 64). After consideration of the Motion, the Response filed by SRT Solutions, LLC (Docket No. 68) and the Objection filed by the Official Committee of Unsecured Creditors (Docket No. 71), the court makes the following Findings of Fact and Conclusions of Law. A separate Judgment will be entered granting the administrative expense request. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

SRT Solutions, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 22, 2015. On the petition date, Debtor was a tenant in an office building owned by 1100 Nasa Road, LP ("Movant") and located at

1100 Nasa Road, Houston, Texas, 77058.  Debtor occupied Suite 650 (the "Premises") of the office building pursuant to a written lease agreement ("Lease"), entered into on or about June 1, 2014, for a period of three years, between Movant and Debtor.  Movant's Exhibit B.

Under the terms of the lease, Debtor is obligated to pay basic rent in the amount of $5,350.25 per month from June 1, 2014 to May 31, 2015, $5,510.00 per month from June 1, 2015 through May 31, 2016, and $5,670 per month from June 1, 2016 through May 31, 2017.  The Lease also provides for a yearly adjustment in accordance with the cost of living changes in the "Consumer Price Index."  In addition to monthly basic rent, Debtor also agreed to pay late fees of fifteen percent (15%) for any cumulative rent not received within five days following the date rent becomes due each month.  Movant's Exhibit B.  Movant requests the court award the sum of $26,806.49 as an administrative expense for post petition rent and late fees from the date of the bankruptcy filing until the date the Lease was rejected, February 8, 2016.

Kristen Davis is employed by Boxer Property Management Corporation and manages the office building owned by Movant and located at 1100 Nasa Road.  Davis testified that Debtor did not pay rent on October 1, 2015.  Sometime in late October 2015, she inspected the Premises and discovered that the Premises had been

vacated by Debtor.  She testified that certain personal property (including, among other items, furniture, bookshelves, and filing cabinets) was left on the Premises.  Movant's Exhibit E.

Davis testified credibly that she received no notice from Debtor indicating that the premises were vacated and Debtor never surrendered the keys to the Premises to her.  She testified that the first notice she received that Debtor had filed bankruptcy was when she received a letter dated December 23, 2015 from Debtor's bankruptcy attorney, warning her and the Movant not to dispose of Debtor's property.[1]  Movant's Exhibit D.

Debtor does not oppose rejection of the Lease but does oppose payment of the administrative expense claim on the bases that Movant has not shown how the amount was calculated and has not demonstrated how the payment will benefit the estate. Debtor's Response, filed on February 8, 2016, states that Debtor rejects the lease and abandons the remaining property left on the Premises.  Docket No. 68.  The Official Committee of Unsecured Creditors does not take a position on rejection of the Lease but does object to payment, for lack of information as to the

---

[1] Davis testified that, prior to receipt of the letter, she had received an email from the previous owner of SRT Solutions, LLC who advised her he thought Debtor may have filed bankruptcy.  Counsel for Debtor did not know whether Debtor had notified Movant that it had vacated the Premises. Counsel for Debtor advised the court Movant is listed on Debtor's Schedule G (Executory Contracts and Unexpired Leases) which indicates that the Lease was to be rejected.  Docket No. 12.  Davis testified that the post office address listed on Schedule G, and referred to by Debtor's counsel as Movant's office address, is actually just a drop off at a Bank used only for rent checks.

calculation of the amount requested.

Davis testified that she had personal knowledge of the amounts reflected on the Tenant Ledger for Debtor.  Movant's Exhibit C.  The Ledger reflects that Debtor owes post-petition rent at the rate of $5,516.82 per month (comprised of the base rent of $5,510.00 and the Consumer Price Index adjustment of $6.82) for the months of November and December 2015, the month of January 2016, and the pro rated amount for eight days of rent in February 2016.  The Ledger also reflects the calculation of post-petition late fees charged for each full month.  Davis testified that the total amount owed for post-petition rent (including late fees) is $26,806.49.  She testified that no rent or other charges have been added to the account of Debtor since the date of the lease rejection.[2]  Davis also testified that the property left on the Premises, and abandoned by Debtor, was sold for approximately $500 and that this amount is to be deducted from the total requested.

### Conclusions of Law

Section 503(b)(1)(A) of the Bankruptcy Code provides for allowance of administrative expense priority for "the actual,

---

[2] Debtor, through counsel, filed a proof of claim (No. 36) on February 17, 2016 for damages for termination of the lease pursuant to 11 U.S.C. § 502(b)(6) which included the amounts requested herein as an administrative expense.  According to the proof of claim, these amounts were included to reserve Movant's rights to seek those amounts should the instant motion be denied, as the deadline for filing claims would pass prior to the hearing date set on the instant motion.

necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

The burden of proof in claiming an administrative expense priority rests with the claimant. *See Ford Motor Credit Co. v. Dobbins,* 35 F.3d 860 (4th Cir. 1994); *In re Mid Region Petroleum, Inc.,* 1 F.3d 1130 (10th Cir. 1993); *In re La Electronica, Inc.,* 995 F.2d 320 (1st Cir. 1993).

Section 365(d)(3) of the Bankruptcy Code provides:

> (3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

11 U.S.C. § 365(d)(3).

Prior to the enactment of Section 365(d)(3), the bankruptcy estate's liability for unpaid rent was limited to the reasonable value to the estate of the actual occupancy and use of the property. *In re Simbaki, Ltd.,* 2015 WL 1593888 (Bankr. S.D. Tex. 2015), *citing In re Braniff Airways, Inc.,* 783 F.2d 1283 (5th Cir. 1986).

The majority of courts interpreting Section 365(d)(3)

of the Bankruptcy Code hold that the lessor has "automatic" administrative expense treatment, independent of Section 503(b), for the amount called for by the lease. *In re Simbaki, Ltd.*, 2015 WL 1593888 (Bankr. S.D. Tex. 2015), *citing Towers v. Chickering & Gregory (In re Pac.-Atl. Trading Co.)*, 27 F.3d 401 (9th Cir. 1994); *In re Worths Stores Corp.*, 135 B.R. 112 (Bankr. E.D. Mo. 1991); *In re Pudgie's Dev. Of NY, Inc.*, 202 B.R. 832 (Bankr. S.D.N.Y. 1996); and *In re Amber's Stores, Inc.*, 193 B.R. 819 (Bankr. N.D. Tex. 1996).

The debtor's obligations must be performed at the time required in the lease. *In re Appletree Markets, Inc.*, 139 B.R. 417 (Bankr. S.D. Tex. 1992).

In the instant case, the estate's obligation to pay rent under the Lease of the Premises arose on the first day of each month. Debtor did not properly notify Movant of the bankruptcy and did not seek to reject the lease until February 8, 2016 (the date Debtor filed its Response to the instant motion). Thus, the estate is liable for an administrative expense consisting of the rent and late fees for the months of November and December 2015, the month of January 2016, and the pro rated amount for eight days of rent in February 2016.

Based on the foregoing, a separate Judgment will be entered granting "1100 Nasa Road, LP's Motion to Reject Unexpired Lease Between Debtor and 1100 Nasa Road, LP and Motion for

Payment of Administrative Claim for Post-Petition Rent" (Docket No. 64).

Signed at Houston, Texas on April 13, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE